RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 1/28/13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| EDWARD GENE MORRIS | DOCKET NO. 12-CV-1812; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| WINN CORRECTIONAL CENTER | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Pro se Plaintiff Edward Gene Morris filed the instant civil rights complaint in forma pauperis and pursuant to 42 U.S.C. §1983. Plaintiff is presently incarcerated at the Winn Correctional Center (WNC) in Winnfield, Louisiana. He complains about a change in his medication, and he names as defendants the Winn Correctional Medical Staff.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Background*

Plaintiff states that he was prescribed Zocor for high cholesterol while incarcerated at WNC. On July 24, 2012, Plaintiff had not received his Zocor medication for an unspecified number of days. He complains that his Zocor medication was changed to something else without him seeing a doctor, and this could have put him at risk for blood clots. [Doc. #12] He also complains that he took Zocor for four years and then learned, in June and July of 2011, via a lawyer on television, that Zocor is dangerous to your health. Thus, Plaintiff complains that he was taken off Zocor, but

he also complains that he was given Zocor.

Plaintiff states that the doctors at Huey P. Long recommended monthly blood tests for Plaintiff; however, WNC did not give him a test every month. Plaintiff complains that the nurses should have seen this mistake, and that this behavior is "wanton." Plaintiff claims that he could have been injured by getting a blood clot or his blood becoming too thin. [Doc. #12]

Plaintiff claims that the current doctor at WNC has taken Plaintiff off of three medications that Dr. Cleveland prescribed.

Plaintiff seeks to add the drug manufacturer of Zocor as a defendant.

He seeks compensatory damages for taking a dangerous medication.

### Law and Analysis

First, Plaintiff cannot state a claim against the manufacturer of Zocor in his civil rights action. "To state a claim under §1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, (1988). Plaintiff has not alleged a constitutional violation by the manufacturer of Zocor; nor is the manufacturer of Zocor an entity acting under color of state law.

The Prison Litigation Reform Act states in pertinent part that

no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury. See 42 U.S.C.A. § 1997e(e). The Fifth Circuit has equated §1997e(e)'s "physical injury" requirement to the standard used under the Eighth Amendment; that is, an injury that is more than *de minimis*, but not necessarily significant. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). In the case *sub judice*, Plaintiff has not alleged that he suffered any physical injury. He has only complained that he *could have* suffered an injury, which does not state a claim for which relief can be granted.

Even if Plaintiff had suffered some physical harm, his claims would still be subject to dismissal because he does not allege that any of the defendants acted with deliberate indifference. See Farmer v. Brennan, 511 U.S. 825, 837-43 (1994).

### Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's civil rights claim be **DENIED** and **DISMISSED** as frivolous under 28 U.S.C. §1915(e)(2)(B) and 1915A.

### Objections

**Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific,**

written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 28th day of January, 2013.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE